IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,311






EX PARTE JOSE HUMBERTO CAPETILLO, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM ANGELINA COUNTY






 Per curiam.



O P I N I O N


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to aggravated assault and was placed on community supervision
in accordance with a plea agreement for a period of ten years. As a condition of community
supervision, Applicant was to successfully complete a substance abuse treatment program
at a Substance Abuse Felony Punishment Facility (SAFPF).

 However, Applicant was determined by the Texas Department of Criminal Justice to
be ineligible to enter a SAFPF program because of an Immigration and Naturalization
Service detainer. Applicant was returned to county jail, and the State filed a motion to
revoke Applicant's community supervision because Applicant had failed to attend and
successfully complete that SAFPF program. Applicant pled true to the allegation, and the
trial court sentenced Applicant to prison for two years. There was no direct appeal.

 In his application for a writ of habeas corpus, Applicant argues that his community
supervision was improperly revoked because his failure to attend and complete the SAFPF
program was beyond his control. After a review of the record, this Court agrees. 
Consequently, habeas corpus relief is granted. 

 The judgment and sentence in Cause Number CR-25008-A of the 217th Judicial
District Court of Angelina County, to the extent that they revoke Applicant's community
supervision, are vacated. Applicant is to be remanded to the custody of the Sheriff of
Angelina County for further proceedings consistent with this opinion.

 A copy of this opinion shall be sent to the Department of Criminal Justice,
Institutional Division.


DELIVERED: December 14, 2005 


DO NOT PUBLISH